UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANGELA DAWN DOWLING,

     Plaintiff,

         v.

THE PEOPLE OF DEPARTMENT OF
STATE, et al.,

     Defendants.

Civil Action No. 25-30182-MGM

MEMORANDUM AND ORDER
March 9, 2026

MASTROIANNI, U.S.D.J.

## I. INTRODUCTION

Angela Dawn Dowling, who resides in Arizona and is representing herself, filed a complaint naming as defendants the People of the Department of State, the People of the Federal Bureau of Investigation, the People of the U.S. District Attorney Office, and the People of the State of Massachusetts. (Compl., Dkt. No. 1 at ¶ I(B)). Dowling checked the box on the complaint to indicate that the basis for federal court jurisdiction is federal question. (*Id.* at ¶ II). In response to the question on the complaint requiring identification of the law at issue in this case, Dowling responded "unknown." (*Id.* at ¶ II(A)). There are 29 pages of exhibits with the complaint. (Dkt. No. 1-3). In Dowling's statement of claim, she writes "hater crime" and "take over entity unlawfully, terrorist, terrorism unlawfully actions @ Aic collage ('possible" police "collage + security possible intent to hurt /hater crime." (*Id.* at 3). For relief, Dowling writes: "Best of people of courts knowledge Best of courts knowledge, Best DA knowledge urgent, urgent request of relief contact Defendants urgent, immediately, immediately." (*Id.*).

Dowling has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (docketed as a motion for leave to proceed *in forma pauperis*). (Dkt. No. 2.) By Electronic Order dated December 11, 2025, the court denied Dowling's motion to amend. (Dkt. No. 5).

For the reasons set forth below, the court will DENY the motion for leave to proceed *in forma pauperis* and DISMISS this action.

## II.  MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Under the federal *in forma pauperis* statute, a court "may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [showing] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). One does not have to be "absolutely destitute" to proceed *in forma pauperis. Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Rather, the litigant must show she cannot pay the filing fee "and still be able to provide [her]self and dependents with the necessities of life." *Id.* Leave to proceed in forma pauperis is a privilege, not a right. *See, e.g., Young v. Bowser*, 843 Fed. App'x 341, 342 (D.C. Cir. 2021) (per curiam); *Daker v. Jackson*, 942 F.3d 1252, 1257 (11th Cir. 2019) (per curiam); *Bryant v. United States*, 618 Fed. App'x 683, 685 (Fed. Cir. 2015) (per curiam).

In the Application, which was signed under penalty of perjury, Dowling represents that, in the past year she has received income from self-employment. She does not indicate the amount she received and what she expects to receive in the future, although the directions to the Application require the litigant to provide this information. In addition, she does not indicate the amount of money she has in a checking or savings account (or in cash). Questions five through eight ask about assets, regular expenses, dependents, and debts; Dowling wrote "unknown" in response to each question. By failing to clearly answer the questions on the Application, Dowling has failed to provide a complete

statement of her ability to provide for herself. Without such information, the court cannot determine whether Dowling can pay the filing fee and still be able to afford the necessities of life for herself and any dependents. Because of this, the court will deny the motion for leave to proceed *in forma pauperis*.

### III.  REVIEW OF THE COMPLAINT

The federal courts possess certain "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Those powers include the power to dismiss frivolous or malicious actions, regardless of the status of the filing fee. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-308 (1989); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985). As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff. *Axcella Building Realty Trust v. Thompson*, No. 23-40151-DHH, 2024 WL 474539, at n. 2 (D. Mass. Jan. 25, 2024). "Rather, in legal parlance, a complaint is 'frivolous' if it 'lacks an arguable basis either in law or in fact.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

In conducting this review, the court liberally construes Dowling's complaint because she is proceeding *pro se. See Erikson v. Pardus*, 551 U.S. 89, 94 (2007).

### A.    Analysis

Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). It must afford the defendants a "['] meaningful opportunity to

mount a defense,'" *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)).

Dowling's complaint does not comply with Rule 8(a). The complaint states that the claim is based in federal law, but Dowling has not identified any federal statute or provision of the Constitution that provides a basis for her claim, or any other legal basis for relief.

Dowling has also been a frequent litigant in this district, filing unsuccessful lawsuits against similarly named defendants. *See e.g. Dowling v. The People of Dallas Police Department, et al.*, No. 25-12648-MRD (dismissed Dec. 2, 2025); *Dowling v. The People of the Court*, 25-13262-JEK (dismissed Dec. 4, 2025). An on-line search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service reveals that Dowling has filed no less than seventy-nine (79) *pro se* civil actions spanning nine federal courts. *See* https://pacer.uscourts.gov (last visited March 6, 2026). In 2024, the District of Arizona entered an Order finding Dowling to be a vexatious litigant and enjoined her from filing any new actions in that court without obtaining leave of the court by filing a motion for leave to file with copies of the pleadings and including an affidavit certifying that the claim or claims presented are new and have not been raised by Dowling in a federal court and that to the best of Dowling's knowledge, the claim or claims presented are neither factually nor legally frivolous and are not taken in bad faith. *Dowling v. Arizona Vehicle Theft Task Force*, 2024 WL 4894734, *4 (D. Ariz. Nov. 26, 2024).

In light of the nature of the claims asserted, the court finds that amendment would be futile. *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that *sua sponte* dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).

## IV. CONCLUSION

For the reasons set forth above,

1.   Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is DENIED.

2.   This action is DISMISSED pursuant to the court's inherent authority.

It is So Ordered.


    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge